**Salvatore LIBBI and Olivia Libbi, h/w**

v.

**SEARS, ROEBUCK & COMPANY and Emerson Electric Company.**

**Civ. A. No. 84–4392.**

United States District Court, E.D. Pennsylvania.

May 1, 1985.

Lawrence Hannaway, Philadelphia, Pa., for plaintiff.

Warren E. Voter, Philadelphia, Pa., for defendant.

### MEMORANDUM ORDER

BECHTLE, District Judge.

On the day this case was to commence before a jury, the attorney for the defendants filed a motion to preclude evidence of lost wages and lost future earnings. The premise of this motion was that the plaintiffs, who are seeking damages from the defendants based on a theory of product liability that resulted in injuries received from the use of a table saw, seek, in addition to other damages, past and future loss of earnings. The future loss of earnings is in the nature of $80,000.00 and the past loss of earnings is estimated to be some $22,000.00. Defendants seek to preclude these claims on the ground that in September of 1984 defendants served interrogatories on plaintiffs and specifically, at interrogatory # 38 requested information regarding the injured plaintiff's earnings for the five years preceding the incident which

took place in 1982. In November, 1984, plaintiffs' counsel had not furnished these returns, but counsel assured defendants' attorney that they would be provided, which representation appears at pages 99 and 100 of the deposition of the injured plaintiff. Finally, on January 16, 1985, plaintiffs answered interrogatory #38 and mentioned in regard to the tax returns for the five years prior to the incident in question the following: "Plaintiff's income tax returns are being requested from his accountant." Defendants presumably continued to urge the delivery of these returns and, on April 15, 1985, plaintiffs' counsel promised the delivery of the returns, the pertinent representation in plaintiffs' counsel's letter being: "This confirms that I will obtain for you, copies of the income tax returns for plaintiff and additionally I request a stipulation as to the authenticity of applicable medical bills regarding the care and treatment of Mr. Libbi's hand."

On April 23, 1985, plaintiffs hand delivered to counsel for defendants so-called "income tax returns" which, upon examination, are not income tax returns at all, but income tax forms that have sporadic figures filled in. They are neither signed, dated, nor is there any evidence that these are, in fact, returns prepared by an accountant nor filed with the Internal Revenue Service.

The case was called for trial on April 26, 1985, at which time the parties selected a jury and testimony began on April 29, 1985. The court inquired of plaintiffs' counsel as to the statement under oath by the plaintiff on January 16, 1985, in answer to interrogatory #38 that the tax returns were being requested from the accountant. Plaintiffs' counsel provided a vague answer to the court's inquiry in that regard and accordingly the court took the testimony of Mr. Libbi under oath, who said that he hadn't had his accountant prepare his tax returns for many years prior to this litigation and he doesn't know where the reference in his answers, signed under oath, regarding the requests of an accountant came from. It is plain that if an accountant was not requested, then the answer to interrogatory #38

was wrong and there is even some concern by the court that the answer was purposefully completed to hold off the defendants' request for this income information. In any event, there is an obligation under Federal Rule of Civil Procedure 26 to supplement any answer that is either wrong when made or, though correct when made, becomes wrong at a later time. *See* Federal Rule of Civil Procedure 26(e)(2). Obviously, the plaintiffs' declaration of income under oath to the Internal Revenue Service prior to the accident would be crucial material that should be available to the defendants in order to defend the claim of past loss earnings.

The defendants have the clear right to expect the accuracy of answer to interrogatory #38 and were totally justified in being reasonably accommodating in waiting for the accountant to deliver the papers. Apparently the accountant did not even exist and the answer was either fabricated or such a gross mistake that it is easily said to violate the requirement of Federal Rule of Civil Procedure 11 that requires: "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The defendants were entitled to have the certificate resulting from the signature of both Mr. Libbi and his counsel who forwarded the answers to the defendants, to carry with it the meaning required by this rule. Under the circumstances it seems that there could not have been any reasonable inquiry or there could not have been any good faith attempt to learn either the truth of answer #38 or, if its inaccuracy was determined at a later time, to supplement the same under Federal Rule of Civil Procedure 26(e)(2).

The court considers the motion of the defendants to be equivalent to a motion under Rule 37 for sanctions. Under Federal Rule of Civil Procedure 37(b)(2) there are a series of sanctions and the court believes that the minimally prejudicial sanction to be imposed against the plaintiffs for failure to accurately prepare the answer to interrogatory # 38 and thereafter to supplement it, but to allow the reasonable protection to the defendants' interests in this matter, would be to preclude evidence of past loss earnings from this case and such a preclusion order is hereby entered. The court refuses to enter an order precluding a claim for future loss of earnings inasmuch as future loss of earnings would depend upon a variety of other factors other than the receipt of past wages reported to the Internal Revenue Service or otherwise.

Accordingly, defendants' motion is *granted in part* and *denied in part* and the plaintiffs are precluded from advancing evidence or making a claim for loss of wages to the extent that any wages may have been lost sooner than Friday, April 26, 1985, which was the day the parties selected the jury that will decide this case.

SO ORDERED.